### MISSOURI, K. & T. RY. CO. OF TEXAS v. NELSON. (No. 1801.)

(Court of Civil Appeals of Texas. Texarkana. May 18, 1917. Rehearing Denied June 15, 1917.)

CARRIERS ⬤⟲266—CARRIAGE OF PASSENGERS—INVALIDS.

The regulation of defendant railroad company provided that sick or injured persons on cots or stretchers accompanied by an attendant might ride in the baggage car on orders from the superintendent. Plaintiff, a paralytic, obliged to use an invalid's chair, bought a round-trip ticket and rode in the baggage car in his chair to his destination without having obtained a permit from the superintendent. On his return he was not allowed to ride in the baggage car, and sued for damages. He had made similar trips five or six times a year for ten years, but had obtained a permit from the superintendent only twice. *Held*, that the fact that he had been so allowed to ride was an accommodation merely, which could be discontinued at any time, and to the continuance of which plaintiff had no legal right.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 1049–1055.]

Appeal from District Court, Hunt County; Wm. Pierson, Judge.

Action by G. T. Nelson against the Missouri, Kansas & Texas Railway Company of Texas. Judgment for plaintiff, and defendant appeals. Reversed and rendered.

Appellee is paralyzed in his lower limbs, and is obliged to use an invalid's chair as a means of locomotion. Appellant has a regulation allowing "sick or injured persons on cots or stretchers, accompanied by an attendant," to ride in the baggage car, and then "only on orders from the superintendent." On the occasion in question the appellee purchased of appellant's agent a round-trip ticket from Celeste to Greenville. He rode in the baggage car on the trip from Celeste to Greenville, but had no permit from the superintendent so to do. The baggage agent in control of the baggage car refused to allow appellee to ride in the baggage car from Greenville to Celeste without a permit from the superintendent. Appellee did not ask or attempt to ride elsewhere in the train, and did not make the return trip on the train. He sues for damages for the refusal to permit him to ride in the baggage car.

The petition predicates liability upon the following:

"For a period of ten years immediately preceding September 5, 1914, he had been traveling as a passenger over the defendant's line of railway from Celeste to Greenville and return in the following manner: He would buy a round-trip ticket from Celeste to Greenville, and the defendant, acting by its agent, would accept him as a passenger and bring him to Greenville and return in the baggage car while sitting in his invalid's chair; * * * that the defendant, acting by and through its authorized agent at Celeste, knew at the time he sold the plaintiff the round-trip ticket from Celeste to Greenville and return plaintiff's condition, and knew that plaintiff was customarily carried in said baggage car, and knew that plaintiff would have to return in said baggage car or in some other part of the train while seated in the invalid's chair; and plaintiff was thereby led to believe when he purchased the ticket from the defendant and was placed in the baggage car at Celeste by the defendant's agent that he would be entitled to return to Celeste on any train of defendant carrying passengers between said points upon which plaintiff might choose to return."

The jury returned a verdict in favor of the appellee.

Appellee had, it appears, been traveling for some years as a passenger on appellant's road from Celeste to Greenville. His testimony shows that he was not a frequent passenger. He went something like five or six times a year. According to his own evidence, each time appellee rode in the baggage car in his invalid's chair. He had a regular permit to ride in the baggage car on two occasions, but the remaining trips he did not seek or obtain such permit to go in the baggage car. The evidence authorizes the conclusion that on each of the two trips the employés of appellant merely allowed appellee to sit in his chair in the baggage car. There is no evidence showing that appellant commonly permitted passengers to ride in the baggage car.

Chas. C. Huff, of Dallas, and Dinsmore, McMahan & Dinsmore, of Greenville, for appellant. Evans & Shields, of Greenville, for appellee.

LEVY, J. (after stating the facts as above). Appellant requested and the court refused to give a peremptory instruction to the jury to return a verdict in its favor. It is believed, in view of the evidence, that such instruction should have been given. It does not appear from the pleading and evidence that appellee had acquired a special contract right to be carried in the baggage car as a passenger on the occasion in question. Appellee was not in the class permitted by the terms of the regulation in evidence to ride in the baggage car, and the proof relied upon by the appellee respecting his previous trips as a passenger in the baggage car shows mere acts of accommodation to him on the part of the employés operating the train. The mere fact that such acts of accommodation had been sometimes permitted by the employés of appellant, not in obedience either to duty or contract, but as a matter of indulgence to appellee, could not legally compel their continuance, and such mere accommodation could be discontinued at any time. 29 A. &

E. Ency. p. 365. And in the absence, as here, of a special arrangement by its authorized agents for appellee to ride in the baggage car as a passenger, it is concluded that there is not entailed upon the railway company any liability for the violation of a duty.

Of course, appellee, in virtue of his ticket, was entitled to ride on the train in a passenger car, and the conductor, in taking up his ticket, could not rightfully have refused him permission so to ride. Appellee, though, does not base his suit upon refusal to permit him to ride on that train in the regular passenger coach.

The judgment is reversed, and judgment is here rendered in favor of the appellant, with costs of the trial court and of this appeal.